\*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLAUDIO CONCEPCION, | : : : | Civil Action No. 15-2053 (SDW) |
| Petitioner, | : : | |
| v. | : : | **OPINION** |
| OSCAR AVILES, | : : | |
| Respondent. | : : : | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Claudio Concepcion ("Petitioner") brought pursuant to 28 U.S.C. § 2241, originally filed in the Southern District of New York. (ECF No. 1.) Respondent Oscar Aviles[1] filed a response (ECF No. 14) and this matter was thereafter transferred to this Court by the Southern District. (ECF No. 16). For the following reasons, this Court dismisses the petition without prejudice.

**I. BACKGROUND**

Petitioner is a native and citizen of the Dominican Republic. (Document 1 attached to ECF No. 14). Petitioner apparently arrived in the United States in 1996 and thereafter became a

---

[1] Petitioner named only Aviles as respondent in his initial caption. He named additional individuals, including the Attorney General and various immigration officials, as further respondents in the body of his Petition, however. (ECF No. 1 at 5). The only proper respondent in a petition brought pursuant to § 2241 is the warden of the facility in which a detainee is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994). This Court therefore refers only to Oscar Aviles when using the term Respondent in this opinion. The remaining Respondents will be dismissed with prejudice.

lawful permanent resident. (*Id.*). In June of 2000, Petitioner was convicted of the attempted criminal sale of a controlled substance in the third degree, a Class C felony in New York, for which he received a sentence of 5 years' probation. (Document 2 attached to ECF No. 14).

In March of 2009, Petitioner returned to New York from a trip to the Dominican Republic and was temporarily detained at JFK International Airport as an inadmissible alien due to his drug conviction. (Documents 3 and 4 attached to ECF No. 14, ECF No. 1 at ¶ 19). Immigration officials thereafter temporarily paroled Petitioner into the United States and deferred inspection of his admission. (Document 3 attached to ECF No. 14, ECF No. 1 at ¶ 19). On January 10, 2013, immigrations officials issued a notice to appear to Petitioner alleging that Petitioner was an inadmissible alien due to his prior drug convictions pursuant to 8 U.S.C. §§ 1182(a)(2)(A)(i)(II) and 1182(a)(2)(C). (Document 4 attached to ECF No. 14). Petitioner was thereafter detained and has remained detained throughout his removal proceedings, ultimately being transferred to the Hudson County Correctional Facility in Kearney, NJ, where he apparently remains. (*See* ECF No. 1 at ¶ 3; ECF No. 13 at 5).

Petitioner was ordered removed by an immigration judge on March 20, 2014. (Document 5 attached to ECF No. 14). Petitioner appealed to the Board of Immigration Appeals, which dismissed his appeal by way of a written decision on September 16, 2014. (Document 6 attached to ECF No. 14). Petitioner filed a petition for review with the Second Circuit on October 7, 2014. (*See Concepcion Gregorio v. Holder*, No. 14-3758 at ECF No. 1 (2d Cir.)). Petitioner also filed a motion for a stay of removal with the Second Circuit on December 4, 2014. (*Id.* at ECF No. 22). On January 30, 2015, the Government moved to dismiss Petitioner's appeal to the Second Circuit. (*Id.* at ECF No. 47). On April 2, 2015, the Second Circuit granted the Government's

2

motion and dismissed Petitioner's appeal because Petitioner failed to allege "any viable legal or constitutional challenges" to the BIA's decision. (*Id.* at ECF No. 79). The Second Circuit also denied Petitioner's motions, including his motion for a stay of removal, as moot. (*Id.*).

Petitioner filed the instant habeas petition on October 28, 2014, in the Southern District of New York. (ECF No. 1). Based on the Government's response, the Southern District transferred Petitioner's habeas petition to this Court in March of 2015. In his petition, Petitioner alleges that he has been unlawfully detained under 8 U.S.C. §1226(c) without a bond hearing since January 10, 2013. (ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over a petition under the statute if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within the jurisdiction of this Court, by a custodian within the Court's jurisdiction (Respondent Oscar Aviles), and asserts that his continued detention is not statutorily authorized and therefore violates his due process rights, this Court has jurisdiction over Petitioner's claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

**1. The Statutory Basis For Petitioner's Detainment**

Petitioner argues that he has been detained for approximately two years pursuant to 8 U.S.C. § 1226(c), and that his continued incarceration without a bond hearing is therefore unlawful. *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011); *see also Chavez-Alvacrez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015). Petitioner's arguments rest entirely on his assertion that he was, and continues to be, subject to detention under § 1226(c). Petitioner's assertion, however, is inaccurate. Petitioner was never detained subject to § 1226(c), and even had he been, the final order of removal in his case would have rendered his detention subject to 8 U.S.C. § 1231.

8 U.S.C. § 1226 governs the detention of aliens "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(c) requires the Attorney General to take into custody those aliens present in the United States who are either inadmissible or deportable due to their having committed a relevant criminal offense. 8 U.S.C. § 1226(c)(1). Section 1225, on the other hand, applies to those aliens who arrive in this country seeking admission. While lawful permanent residents are usually not treated as aliens seeking admission under the statute, where a permanent resident has been convicted of a relevant criminal offense and returns to the country after temporarily leaving, that alien is treated as an alien seeking admission rather than as a lawful permanent resident who is presumptively entitled to admission into the United States. *See* 8 U.S.C. § 1101(a)(13)(C)(v); *Taveras v. Attorney Gen.*, 731 F.3d 281, 289-90 (3d Cir. 2013). Because Petitioner had been convicted of a felony drug charge prior to his return to the United States in 2009, he was properly treated as "an alien seeking admission as if he

4

were entering for the first time" regardless of his prior lawful permanent resident status. *Id.* at 290 (quoting *Tineo v. Ashcroft*, 350 F.3d 382, 386 (3d Cir. 2003)). Thus, Petitioner was detained as an alien seeking admission under 8 U.S.C. § 1225, and not under § 1226, prior to his final order of removal.

That distinction, however, is only of limited import to this Court's resolution of this petition because Petitioner is subject to a final order of removal. Once an alien has been ordered removed and enters the removal period his detention is authorized by 8 U.S.C. § 1231(a). *See Leslie v. Attorney General of the United States*, 678 F.3d 265, 268-70 (3d Cir. 2012). The removal period, and thus the onset of detention subject to § 1231(a) rather than § 1225 or 1226,

> begins on one of three dates: the date the order of removal becomes administratively final; *if* the removal order is judicially reviewed *and if* a court orders a stay of removal of the alien, the date of the court's final order; or if the alien is detained or confined for non-immigration purposes, the date the alien is released from detention or confinement. Where an alien appeals his order of removal to the BIA, his order of removal becomes administratively final on the date that the BIA dismisses that appeal. 8 C.F.R. § 1241.1(a). In the event that an alien seeks a stay of removal *and* that stay is granted, however, an alien's detention during the stay reverts to a pre-removal status, and is thus again controlled by § 1226. *See Leslie*, 678 F.3d at [268]-70; *Llorente v. Holder*, Civil Action No. 11-6940, 2012 WL 1191147, at *5-6 (D.N.J. Apr. 10, 2012). It is the grant of the stay, and not simply the filing of a petition for a stay, which alters an alien's status. *See Leslie*, 678 F.3d at [268]-70; U.S.C. § 1231(a)(1)(B)(ii).

*Brodyak v. Davies*, Civil Action No. 14-4351, 2015 WL 1197535, at *2 (D.N.J. March 16, 2015). As the Second Circuit has dismissed Petitioner's appeal and denied his motion for a stay, Petitioner's order of removal became final on September 16, 2014, when the BIA decided

5

Petitioner's appeal of his order of removal.[2] Petitioner's detention at the time he filed this petition, then, was subject to § 1231 and the petition must therefore be evaluated under the framework set out in *Zadvydas*, 533 U.S. at 683.

**2. The Lawfulness of Petitioner's Continued Detention**

Section 1231(a) requires the Government to detain an alien during the ninety-day removal period following a final order of removal. 8 U.S.C. § 1231(a)(2); *Zadvydas*, 533 U.S. at 683. Removable aliens may be detained beyond that ninety-day period as long as "reasonably necessary" to effectuate the alien's removal. *Zadvydas*, 533 U.S. at 689, 699. The Supreme Court has established that a period of six months from the date the order of removal becomes final is a presumptively reasonable time in which to effectuate an alien's removal. *Id.* at 701. After the six month period has elapsed the alien must show that there is "no significant likelihood of removal in the reasonably foreseeable future" in order to merit habeas relief. *Id.* If the alien makes such a showing, the Government "must respond with evidence sufficient to rebut that showing." *Id.* "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably

---

[2] To any extent that Petitioner intended to argue that his Petitioner "returned" to being subject to § 1226 because his motion for a stay before the Second Circuit triggered the Second Circuit's forbearance agreement, *see Brodyak*, 2015 WL 1197535 at *2*, and therefore stayed his order of removal pending the Second Circuit's decision, rendering the order of removal no longer final, such an argument would be moot in light of the Second Circuit's order dismissing Petitioner's appeal and denying his motion for a stay. *See Grossett v. Muller*, Civil Action No. 13-654, 2013 WL 6582944 at *3 n. 2 (D.N.J. Dec. 13, 2013); *see also Brodyak*, 2015 WL 1197535 at *2 n. 2.

foreseeable future." *Id.*

Petitioner's order of removal became final when the BIA dismissed his appeal on September 16, 2014. Petitioner filed this § 2241 petition on October 28, 2014, just over a month later, and nearly two months before the removal period had ended. The six month presumptively reasonable period did not end until at least March 16, 2015,[3] more than a month after this petition was fully briefed before the Southern District of New York. The instant petition was therefore premature. *Id.*

Regardless of the premature filing of the petition, Petitioner would not be entitled to habeas relief under *Zadvydas* had he filed this petition as of the date of this Opinion. Even after the six month presumptive period expires, a petitioner is only entitled to habeas relief under *Zadvydas* where the Petitioner has made an initial showing that there is no "significant likelihood" that he will be removed in the "reasonably foreseeable future." *Id.* Petitioner, who misunderstood the nature and basis for his detention, has provided no facts which would give this Court "good reason to believe" that such is the case. Indeed, it would appear that the only reason Petitioner could not be removed prior to the expiration of the six month period was because Petitioner filed an appeal and a motion to stay with the Second Circuit, which triggered the Second Circuit's forbearance agreement. *See Brodyak*, 2015 WL 1197535 at *2, *2 n. 2. As the Second Circuit dismissed Petitioner's appeal and denied his motion for a stay in April, that impediment to Petitioner's removal has now been removed. Petitioner presents no other information which tends to suggest

---

[3] Assuming that Petitioner's seeking review and a stay before the Second Circuit did not stay the six month reasonable period. *See, e.g., Wong v. Gonzalez*, Civil Action No. 05-5430, 2006 WL 995460, at *3 (D.N.J. Apr. 12, 2006) ("it has been held that the six-month presumptively reasonable post-order removal period of *Zadvydas* is tolled when an alien requests judicial review of a removal order").

that his removal cannot be accomplished in the reasonably foreseeable future.   As such, Petitioner has failed to show that he is entitled to habeas relief at this time.   *Zadvydas*, 533 U.S. at 701.   This Court will therefore deny the petition without prejudice.   Petitioner may refile his petition in the event that sufficient facts arise which would give the Court reason to believe that there is "no significant likelihood of removal in the reasonably foreseeable future."   *Id.*

### III. CONCLUSION

For the reasons stated above, the petition is dismissed without prejudice to another petition in the event that Petitioner's circumstances change in such a manner as to indicate that there is no significant likelihood of his removal in the reasonably foreseeable future.   An appropriate order follows.


Dated: June 17, 2015                                          *s/ Susan D. Wigenton*
                                                              Hon. Susan D. Wigenton, U.S.D.J.